**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUN GENG,<br>Petitioner,<br>v.<br>WARDEN OF ADELANTO ICE PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 5:26-cv-04950-ACCV<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

## I. RULING

On August 27, 2026, Petitioner Jun Geng ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging her detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and the Immigration and Naturalization Act ("INA"). (Dkt. 1 at 5–10.) For the reasons stated herein, the Court GRANTS the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the People's Republic of China who entered the United States on or about January 21, 2024, without inspection. (Dkt. 1 at 2.)

On February 9, 2024, Petitioner filed Form I-589 Application for Asylum and for Withholding of Removal. (Dkt. 9-1 at 3.) Petitioner's I-213 states this application is currently pending. (*Id.*) On July 18, 2024, Petitioner filed a Form I-765

Application for Employment Authorization that was later approved on August 27, 2024, and is valid through August 20, 2029. (*Id.*) Petitioner claims to have maintained consistent employment since that date, paid taxes, and been a contributing member of her community. (Dkt. 1 at 3.) Petitioner has no criminal history. (Dkt. 9-1 at 3.)

On August 23, 2026, Petitioner was arrested while leaving her workplace. (Dkt. 9-1 at 3.) Petitioner has remained detained at Adelanto ICE Processing Center since then. (Dkt. 1 at 1.)

In the Petition, Petitioner brings the following claims: (1) Violation of the INA; 8 U.S.C. § § 1226(a); and (2) Violation of the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 5–10.) Petitioner requests that the Court: (1) assume jurisdiction; (2) issue the writ of habeas corpus and order Respondents to show cause within three days of the filing of the Petition why Petitioner's relief should not be granted; (3) enjoin Respondents from transferring Petitioner from the Central District of California pending proceedings; (4) declare Petitioner's detention violates the INA and the Due Process Clause of the Fifth Amendment; (5) issue a writ of habeas corpus ordering Respondents to release Petitioner immediately without imposition of unreasonable conditions; (6) in the alternative, order a bond hearing; (7) order Respondents to return all Petitioner's belongings; (8) enjoin Respondents from re-arresting or detaining Petitioner upon release without a pre-deprivation hearing; (9) require Respondents to provide reasonable notice of time and place of the pre-deprivation hearing; (10) enjoin Petitioner's removal from the United States pending a final decision in this habeas action; (11) award Petitioner's attorney fees and costs; and (12) grant further relief the Court finds just and proper. (Dkt. 1 at 10–11.)

Respondents concede Petitioner is entitled to a bond hearing. (Dkt. 9 at 2.) Respondents, however, maintain Petitioner is properly detained pending bond proceedings because this is Petitioner's first detention. (*Id.*) Respondents also claim Petitioner failed to properly exhaust Petitioner's administrative remedies to the extent that Petitioner has not yet requested a bond hearing from the Immigration Court. (*Id.* at

2–3.) In the Reply, Petitioner largely reiterates Petitioner's arguments from the Petition. (*See generally* Dkt. 10.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

In this habeas action, Petitioner claims that her detention is unlawful because it violates the Due Process Clause of the Fifth Amendment and the INA. (Dkt. 1 at 5–10.) For the reasons below, the Court agrees.

### A. Habeas Jurisdiction

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law[.]" U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

### B. Petitioner's Due Process Claims

Petitioner argues her detention violates her procedural due process rights under the Fifth Amendment. (Dkt. 1 at 6.) Respondents only argue that Petitioner "appears to be entitled to request and receive an initial bond hearing." (Dkt. 9 at 2.) Respondents provide no response to Petitioner's due process claims in their answer.

(*See generally* Dkt. 9.) Accordingly, the Court construes Respondents' failure to address Petitioner's due process claims as a concession. *See e.g.*, *Soleimani v. Larose*, No. 25-CV-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including Fifth Amendment due process claims); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *Aperyan v. Semaia*, No. 5:26-CV-00699, 2026 WL 874734, at *4 (C.D. Cal. Mar. 27, 2026) (same). Nonetheless, the Court analyzes Petitioner's due process claim below for the sake of clarity.

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The right to due process extends to noncitizens in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law[.]"); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

///

**1. Protected Liberty Interest**

It is well-established that freedom from government detention is a protected liberty interest. *See Zadvydas*, 533 U.S. at 690. Though the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205–06 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)). Many courts in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).

Accordingly, Petitioner—who applied for asylum from within the United States, who's asylum application remains pending, who has lived in the United States since her entrance over two years ago, and who has worked in the United States with valid work authorization for over two years—has a vested liberty interest in remaining free from detention.

**2. *Mathews* test**

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 334 (cleaned up).

The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail." *Id.*

Because Petitioner filed an asylum application from within the United States over two and half years ago, has lived in the United States for two and half years while her application remains pending, and has worked with valid work authorization for over two years, Petitioner has a significant liberty interest in remaining free from detention that must be protected by adequate procedural safeguards. *See Morrissey v. Brewer*, 408 U.S. 471, 481–82, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) ("The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions . . . . [T]he liberty [of a parolee] is valuable and must be seen as within the protection of the Fourteenth Amendment."); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). Accordingly, Petitioner's private interest in retaining her liberty is significant and this factor weighs in Petitioner's favor.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. *Zadvydas*, 533 U.S. at 693–94. Respondents do not argue that Petitioner is or has been previously determined to be at flight risk or a danger to the community. *See Pinchi*, 792 F. Supp. 3d at 1034 ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."). Based on the record before the Court, Petitioner appears to have no criminal history. (Dkt. 9-1 at 3.) Moreover, when ICE detained Petitioner at her workplace, Petitioner did not flee; Petitioner was arrested without incident. (*Id.*) Thus, the Court finds no reason to determine that Petitioner would be a danger to the community or a flight risk. Accordingly, the Court finds that the risk of erroneous deprivation is high, and this factor weighs in Petitioner's favor.

Third, the Court finds that the government has a low interest in keeping

Petitioner detained. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or danger to the community. *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." *Pinchi*, 792 F. Supp. 3d at 1036. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Singh v. Andrews*, 803 F. Supp. 3d 1035 (E.D. Cal. 2025). "The government's interest is further diminished where a person 'has consistently appeared for her immigration hearings . . . and [ ] does not have a criminal record." *Id.* (citation omitted).

After considering all three *Mathews* factors, the Court concludes that Petitioner's re-detention without any pre-deprivation notice or hearing violates her procedural due process protections. Having found Respondents violated Petitioner's procedural due process rights, the Court need not address Petitioner's remaining claims.

## V. CONCLUSION

For the reasons stated, the COURT GRANTS the Petition and ORDERS: (1) Respondents to release Petitioner Jun Geng (A# 242-281-888) immediately; (2) Respondents to return all property to Petitioner that was confiscated from Petitioner when she was arrested and processed into detention; (3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and (4) that any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: October 5, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge